UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RENEE JACKSON,<br>    Plaintiff<br><br>v.<br><br>AFSCME LOCAL 196, et al.,<br>    Defendants | :<br>:<br>:   CIVIL ACTION NO.<br>:   3:07-CV-471 (JCH)<br>:<br>:   JULY 26, 2007<br>: |

**RULING ON UNION DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND/SUPPLEMENT HER MEMORANDUM IN OPPOSITION**
**[Doc. Nos. 35 & 65]**

**I.    INTRODUCTION**

The plaintiff, Renee Jackson, has filed a pro se complaint against her former Union and Union officials ("Union Defendants," collectively),[1] as well as the State of Connecticut Office of Policy and Management's ("OPM") Office of Labor Relations ("OLR"), OLR's former Director Linda Yelmini, and OPM's former Deputy Counsel Anthony Lazarro, in their official and individual capacities ("State Defendants," collectively). In a Ruling on June 29, 2007, the court granted the State Defendants' Motion to Dismiss, while granting Jackson the right to file an Amended Complaint against Lazarro by July 20, 2007, if she has a factual basis to allege a claim of concealment of information or intentional spoliation of evidence; Jackson has not done so. See Ruling on State Defendants' Motion to Dismiss ("Ruling") at 13-14 [Doc. No. 51]. Before the court now is the Union Defendants' Motion to Dismiss Jackson's claims

---

[1] Specifically, these defendants are: AFSCME Local 196 ("Local 196"); Carla A. Boland, President, in her official and individual capacity; Linn Miller, acting President, in his official and individual capacity; AFSCME, Council 4 ("Council 4"); and Salvatore Luciano, Executive Director of AFSCME, Council 4, in his official and individual capacity.

1

against them [Doc. No. 35].  The court assumes familiarity with the alleged facts.
See Ruling at 3-4.

## II.     STANDARD OF REVIEW

In deciding a motion to dismiss, the court takes the allegations of the Complaint as true and construes them in a manner favorable to the pleader.  Hoover v. Ronwin, 466 U.S. 558, 587 (1984); see Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).  The court must draw all reasonable inferences in the plaintiff's favor.  See, e.g., Yung v. Lee, 432 F.3d 132, 146 (2d Cir. 2005) (discussing Rule 12(b)(6) motion to dismiss); Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003) (internal citations omitted) (same).

A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), tests only the adequacy of the complaint.  United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004).  A Rule 12(b)(6) motion can be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Such a motion cannot be granted simply because recovery appears remote or unlikely on the face of a complaint, however.  Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Id. (quotation omitted).  However, "bald assertions and conclusions of law will not suffice" to meet this pleading standard.  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), considers whether the court lacks constitutional authority to adjudicate the suit. Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000); see also Auerbach v. Board of Educ. of the Harborfields, 136 F.3d 104, 108 (2d Cir.1998). In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint." Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir.1998) (citing Scheuer, 416 U.S. at 236). However, the court refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint. Makarova, 201 F.3d at 113; see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir.1993). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir.2000).

### III. DISCUSSION

#### A. Section 1983 Claims

Jackson's Amended Complaint invokes the Due Process and Equal Protection Clauses of the Fourteenth Amendment and 42 U.S.C. § 1983 as the basis for the court's jurisdiction. To state a claim for relief under Section 1983, a plaintiff must allege that a person is acting under color of state law. See Lugar v. Edmondson Oil Co., 457

U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir.1986).
"Conduct that is ostensibly private can be fairly attributed to the State only if there is 'such a close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Tancredi v. Metropolitan Life Ins. Co., 316 F.3d 308, 313 (2d Cir.2003) (citing Brentwood Academy v. Tenn. Secondary Sch. Ass'n, 531 U.S. 288, 295 (2001)).

The only allegation[2] in Jackson's Amended Complaint that the court finds to implicate state action in any significant respect is her claim that the Union Defendants conspired with OLR's former director Linda Yelmini in violating her due process rights when they sent her a facsimile request to withdraw the grievances from arbitration on August 13, 2003. However, as the Union Defendants correctly point out, this claim is barred by the statute of limitations. See Def.'s Reply at 8. The length of the statute of limitations for Section 1983 actions is "that which the State provides for personal-injury torts." Wallace v. Kato, __ U.S. __, 127 S.Ct. 1091, 1094 (2007). The Connecticut tort statute of limitations, Conn. Gen. Stat. § 52-577, provides for a three-year limitations period. See Williams v. Walsh, 558 F.2d 667, 670 (2d Cir.1977). Accrual generally occurs "when the plaintiff has a complete and present cause of action," Wallace, __ U.S. __, 127 S.Ct. at 1095 (quotations and citations omitted), or "when the plaintiff

---

[2]Jackson's other constitutional allegations against the Union Defendants do not allege conspiracy or cooperation with a state actor. Indeed, the essence of her Equal Protection claims is that she "was treated differently than similarly situated grievants during the grievance process," and she compares herself to "several Caucasian union members whom AFSCME continued to represent." See Plf.'s Memorandum in Opposition to Motion to Dismiss ("Mem. in Opp.") at 21, 22 [Doc. No. 58]. Thus, with respect to these claims Jackson does not state a valid constitutional claim or properly invoke section 1983. See generally Lugar, 457 U.S. at 929 (holding that the Fourteenth Amendment's state action requirement is identical to the "color of state law" requirement of section 1983).

knows or has reason to know of the harm." Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir.1994).

Jackson alleges in her Amended Complaint that she was informed by AFSCME Local 196 in late August 2003 that, because she had been unable to attend the Local's Executive Board meeting to plead for the grievances to be taken to arbitration due to an illness, the grievances would be withdrawn from arbitration. See Amended Complaint at § 44. Thus, because Jackson learned of the withdrawal of the grievances in August 2003, the latest time that she could have brought her claims were August 2006, pursuant to the three-year statute of limitations for Section 1983 claims. However, Jackson filed her Complaint on March 27, 2007; thus, any possible claim under Section 1983 is time-barred.

### B. Title VII Claims

Jackson also alleges that the Union Defendants violated Section 703(c)(3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), which provides that "[i]t shall be an unlawful employment practice for a labor organization . . . to cause or attempt to cause an employer to discriminate against an individual in violation of this section." See 42 U.S.C. § 2000e-2(c)(3).

In her Amended Complaint, Jackson states that the Union Defendants discriminated against her in violation of Title VII by failing to prevent, adequately investigate, and remedy the harassment she claims she was subjected to and by refusing to intercede on her behalf "in the preservation of her employment." See Amended Complaint at ¶¶ 78-79. The Union Defendants argue that these claims do

5

not allege Title VII violations; instead, they "simply set forth allegations that the Union defendants breached the duty of fair representation." See Def.'s Memorandum in Support of Motion to Dismiss ("Mem. in Supp.") at 7 [Doc. No. 35].

The court agrees. Section 703(c)(3) are generally brought by plaintiffs who claim that their union caused the employer to discriminate, "for example, by maintaining a discriminatory seniority system, . . . ; with acquiescing in the employer's administration of facially neutral tests that had an adverse impact on plaintiffs, . . . ; by helping the employer to discriminate by failing to process sexual harassment complaints . . . ." Byars v. Jamestown Teachers Ass'n, 195 F. Supp. 2d 401, 411 (W.D.N.Y.2002) (citations omitted). Because the court finds that Jackson's claims allege that the Union Defendants breached the duty of fair representation, see infra at 8-9, the court dismisses Jackson's Title VII claims, while giving her an opportunity to re-plead these claims if she has a legal and factual basis to do so.

### C. Section 1981 Claims

Jackson's complaint also claims the Union Defendants violated 42 U.S.C. § 1981.[3] "Unlike Section 1983, a Section 1981 violation is not based on an underlying violation of a constitutional right, but rather provides an alternative statutory remedy for violations that concern an activity enumerated in the statute." Olivera v. Town of Woodbury, New York, 281 F. Supp. 2d 674, 684 (S.D.N.Y. 2003).

"Section 1981 sets forth a remedy for employment discrimination that is independent of Title VII." Ofori-Tenkorang v. American Intern. Group, Inc., 460 F.3d

---

[3]The defendants did not address these claims in their Motion to Dismiss; nevertheless, the court will address them briefly.

6

296, 300 (2d Cir. 2006). Moreover, like Equal Protection claims, Section 1981 claims "must be based on intentional conduct." Olivera, 281 F. Supp. 2d at 684. To establish such a claim, the plaintiff "must allege facts in support of the following elements: 1) the plaintiff is a member of a racial minority; 2) an intent to discriminate on the basis of race by the defendant; and 3) the discrimination concerned one or more of the activities enumerated in the statute."[4] Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir.1993).

Although the defendants did not address Jackson's Section 1981 claims in their Motion to Dismiss, they did address her Equal Protection claims, arguing that she fails to establish that the persons to whom she compares herself were similarly situated. See Def.'s Reply at 9. However, the court finds that this is an issue of fact that cannot be resolved at the motion to dismiss stage; this determination is best left for summary judgment. Moreover, the defendants did not address this claim, and, because Jackson is pro se, her allegations must be construed liberally, Johnson v. Host Enterprise, Inc., 470 F. Supp. 381, 384 (E.D. Pa. 1979) ("It is axiomatic that pro se pleadings in civil rights cases should be construed with liberality."); thus, the court finds she has pleaded the elements of a Section 1981 claim. See Amended Complaint at ¶ 21.

---

[4]Claims under Section 1981 "may be brought against a labor union when the 'collective bargaining agreement contains an express clause binding both the employer and the union not to discriminate on racial grounds,' and when the labor organization as the collective bargaining agent intentionally avoids asserting race-based claims or interferes with a member's ability to enter into contracts with employers, . . . [and] if its conduct impairs an employee's ability to enforce his or her established contract rights through legal process." Harmon v. Matarazzo, 162 F.3d 1147, 1998 WL 639400, at *2 (2d Cir. 1998) (citations omitted).

### D.     Section 301 Duty of Fair Representation Claims

Jackson alleges that the Union Defendants breached the duty of fair representation when they supported the OLR's withdrawal of several of her grievances, failed to intercede on her behalf when she was forced to enter into a confidential settlement agreement with her employer, failed to file a prohibited practice charge against the CLC on Jackson's behalf, and failed to adequately invest and remedy the grievances she had against her employer.

A union "has a duty to represent fairly all employees subject to the collective bargaining agreement," and it breaches this duty "if its actions 'can fairly be characterized as so far outside a 'wide range of reasonableness' . . . that [they are] wholly 'arbitrary, discriminatory, or in bad faith.'" Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d 120, 126 (2d Cir. 1998) (citations omitted).  The claims Jackson alleges can be construed as a hybrid claim under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, because she raises claims against her employer and her union.[5]  See Ruling at 4.  The defendants argue that this court has no jurisdiction over these claims under section 2(2) and (3) of the National Labor Relations Act, as amended by the Labor Management Relations Act, 1947, 29 U.S.C. §§ 152(2) and (3), because under the statute's definitions of "employer"[6] and employee,"[7] governmental

---

[5]"To prevail on a hybrid § 301/duty of fair representation claim, [Jackson] must demonstrate both (1) that [the employer] breached its collective bargaining agreement and (2) that [the union] breached its duty of fair representation." Sanozky v. Int'l Ass'n of Machinists and Aerospace Workers, 415 F.3d 279, 282 (2d Cir. 2005).

[6]"(2) The term "employer" includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof, or any

8

employees are excluded from the LMRA.  See Def.'s Mem. in Supp. at 4-5.

The court agrees.  Section 501(3) of the LMRA, 29 U.S.C. § 142(3), incorporates by reference the definitions of employer and employee contained in sections 2(2) and (3) of the NLRA, 29 U.S.C. §§ 152(2) and (3), thus making these definitions applicable to section 301 hybrid claims under 29 U.S.C. § 185.  See Manfredi v. Hazleton City Authority, Water Dept., 793 F.2d 101, 103 n.2&3 (3d Cir. 1986); see also Smith v. United Federation of Teachers, 162 F.3d 1148, at *2 (2d Cir. 1998); Naum v. City of New York, 1996 WL 140305, at *2 (S.D.N.Y. 1996) ("Plaintiff is not an employee under the LMRA, and thus cannot maintain an action thereunder against his union.")

Therefore, because Jackson's employer, the CLC, is not an "employer" under the LMRA, the union does not represent "employees" for purposes of the LMRA.  Thus, Jackson's federal duty of fair representation claims are dismissed for lack of subject matter jurisdiction.

However, to the extent Jackson may have also raised duty of fair representation claims under state law, these are not dismissed.  Even though the Union Defendants

---

person subject to the Railway Labor Act [45 U.S.C.A. § 151 et seq.], as amended from time to time, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization."  29 U.S.C. § 152(2).

[7]"(3) The term "employee" shall include any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise, and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment, but shall not include any individual employed as an agricultural laborer, or in the domestic service of any family or person at his home, or any individual employed by his parent or spouse, or any individual having the status of an independent contractor, or any individual employed as a supervisor, or any individual employed by an employer subject to the Railway Labor Act [45 U.S.C.A. § 151 et seq.], as amended from time to time, or by any other person who is not an employer as herein defined."  29 U.S.C. § 152(3).

9

ask this court not to exercise supplemental jurisdiction over this state law claim under 28 U.S.C. § 1367(c), the court refuses to do so in light of the fact that there are still federal Section 1981 claims remaining in this case. See 28 U.S.C. § 1367(a).

## IV. CONCLUSION

For the foregoing reasons, the Union Defendants' Motion to Dismiss **[Doc. No. 35]** is GRANTED in part and DENIED in part. It is GRANTED as to the Section 1983 claims, Title VII claims, and federal § 301/duty of fair representation claims. It is DENIED as to Jackson's Section 1981 claims and her state duty of fair representation claims under Conn. Gen. Stat. 5-271(d). Jackson is also granted the right to file an Amended Complaint asserting Title VII claims against the Union Defendants if she has a factual and legal basis to allege a claim that the union caused the employer to discriminate against her. If she has, the Amended Complaint asserting such claims must be filed by **August 20, 2007**.

The court has reviewed all the memoranda and exhibits filed by the parties in making this Ruling; thus, Jackson's Motion to Amend/Supplement her Memorandum in Opposition is GRANTED **[Doc. No. 65]**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 26th day of July, 2007.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge