UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| RENEE JACKSON | : |
| v. | : CIV. NO. 3:07CV0471 (JCH) |
| AFSCME LOCAL 196, CARLA BOLAND, LINN MILLER, AFSCME COUNCIL 4, STATE OF CONNECTICUT OFFICE OF LABOR RELATIONS, LINDA YELMINI, and ANTHONY LAZARRO | : |

DISCOVERY RULINGS [Doc. ###46, 64, 103]

Pending is defendants' Motion to Quash Subpoena Served on Non-party, Connecticut Lottery Corporation **[hereinafter "CLC"] [Doc. #46]**; plaintiff's Motion to Compel the non-party, CLC, to comply with two subpoenas dated June 15, 2007, **[Doc. #64]**, and Plaintiff's Motion for Waiver of IT Costs **[Doc. #103]**. After careful consideration, the Court rules as follows.

Movant's motion to quash subpoena served on CLC **[Doc. #46]** is **GRANTED** in part and **DENIED** in part. Specifically, movant's motion to quash subpoena served on CLC **[Doc. #46]** is **GRANTED** as to the e-mails in the first subpoena that do not reference the plaintiff and requests nos. 3-9, 16-19, 21-24, and 26-27; and **DENIED** as to the e-mails that reference the plaintiff in the first subpoena and document requests nos. 1-2, 20, and 25. Accordingly, plaintiff's Motion to Compel the CLC to comply with the two subpoenas **[Doc. #64]** is also **GRANTED** in part and **DENIED** in part, consistent with the motion to quash. The Court reserves

its ruling on Requests Nos. 10-15 and will hear argument from the parties.[1]  Plaintiff's Motion for Waiver of IT Costs is **DENIED**. **[Doc. #103]**.

The Connecticut Lottery Corporation raises five objections in support of its motion to quash. The subpoenas (1) fail to allow reasonable time for compliance, Fed.R.Civ.P. 45(c)(3)(A)(iv); (2) are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence; (3) require disclosure of confidential information concerning employees of the CLC without a showing of substantial need, Fed.R.Civ.P. 45(c)(3)(A)(iii); (4) are in the plaintiff's possession or could be readily obtained from parties to this action; and/or (5) constitute an attempt to unduly burden the CLC.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P.26(b)(1).  Information that

---

[1] Movant, CLC, has the choice of responding orally or in writing as to these remaining items.

2

is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. *See* Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

The proper method of testing the validity of a subpoena duces tecum issued without a previous judicial determination of the propriety and sufficiency of the application is by a motion to quash. United States for Use of Tilo Roofing Co. v. Slotnik Co., 3 F.R.D. 408 (D. Conn. 1944); Fed.R.Civ.P. 45(c)(3)(A). Rule 45 (c)(3)(A) provides that "on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it...(iv) subjects a person to undue burden." The burden of persuasion in a motion to quash a subpoena is borne by the movant. The Travelers Indemnity Company v. Metropolitan Life Insurance Company, 228 F.R.D. 111, 113 (D. Conn. 2005).

The Court's evaluation of undue burden requires weighing the burden to the subpoenaed party against the value of information to the serving party. Id. Whether a subpoena imposes an "undue burden" depends on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Id. *(citing* United States v. International Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). Moreover, the court is afforded broad

discretion in deciding discovery issues. *See* Wills v. Amerada Hess Corp., 379 F.3d 32, 41 (2d Cir. 2004).

If a party resists or objects to discovery, Rule 37(a) of the Federal Rules of Civil Procedure provides that the other party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery. Fed.R.Civ.P. 37. The objecting party bears the burden of showing why discovery should be denied. Culkin v. Pitney Bowes, 225 F.R.D. 69 (D. Conn. 2004).

Consistent with Banks v. Connecticut Ry. & Lighting Co., the CLC shall produce the items compelled to the Court. 79 Conn. 116, 118, 64 A. 14, 15 (1906). A subpoena duces tecum does not signify a delivery of the papers into the hands of the party calling for their production, or a submission of them to his examination; neither does such a consequence necessarily follow. "The production which the possessor of the papers is required to make consists of bringing them into court and putting them into its control. Having by this act complied with the order of production, the producer may ask the court to pass upon any claim of privilege, or to make a personal inspection of the documents to determine their relevancy before their submission to counsel, and to make any proper order for the protection in such submission of the interests of the producer, as for example by withholding from the view of counsel any irrelevant matter which he ought not to be permitted to examine." Id.

Applicability of Local Rule 37

First, the Court will address the applicability of Local Rule 37. The Plaintiff argues that CLC's motion is defective because the CLC did not provide any testimony or evidence that its counsel made an effort to contact plaintiff to discuss and/or resolve the issues raised in the Motion to Quash as required under the Federal Rules of Civil Procedure nor was its motion accompanied by the required certification of good faith. (Pl.'s Resp. dated June 26, 2007 at 10). CLC correctly asserts that the obligation to "meet and confer" under the Local Rules does not extend to a motion under Fed.R.Civ.P 45. Local Rule 37 provides, in relevant part, that:

> [N]o motion pursuant to Rules 26 through 37, Fed.R.Civ.P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

Loc.R.Civ.P. 37(a)(2).

In short, Local Rule 37 does not apply to this motion because this motion is made under Fed.R.Civ.P. 45.

**Objections**

First, CLC argues that the motion to quash should be granted pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iv) for failure to allow reasonable time for compliance. However, as to the first subpoena, CLC concedes that these documents have already been

compiled in response to a separate FOIA request (Movant's Reply Mem. at 5). In regard to the second subpoena, to the extent that the motion to quash is denied, the court shall grant a reasonable extension for the CLC to comply.

<u>The First Subpoena</u>

The first subpoena seeks the production of all e-mail exchanged between Carla Boland and the following persons: Gayle Hooker, Staff Representative at Council 4; Linn Miller, acting President of AFSCME; Pat Glynn, AFSCME International Liason; Salvatore Luciano, Executive Director of AFSCME, Council 4; Jeff Scanion, Staff Representative at Council 4; John Little, Service Representative at Council 4; and Kelly Cashman, Service Representative to AFSCME Local 196, for the time period March 2003 to present. (Pl.'s Reply Mem. to Reply at 4).

In a telephone conference held on September 4, 2007, the plaintiff modified her request to seek only e-mails that involve her directly. Accordingly, the motion to quash **[doc. #46]** is **GRANTED** as to those e-mails that do not mention or relate to the plaintiff and as to all other emails requested the motion to quash **[doc. #46]** is **DENIED**.

Absent a valid reason from the CLC as to why the remaining e-mails should not be disclosed, they will be made available to the plaintiff. CLC's counsel may review the e-mails and exclude those which he or she believes should not be disclosed. The Court will review these e-mails in camera to determine whether

6

they should be released to the plaintiff for her review.  The
movants argue that they have not received payment for these
materials from the parties who requested them under FOIA and
therefore Plaintiff should bear the complete cost to compile and
copy these documents.  "The documents sought by the plaintiff in
the First Subpoena are _identical_ to documents sought in FOIA
requests by Wanda Smith and Nelson Leon." (Mem. in opp'n. to
compel at 2).  The Court agrees with CLC that, "when non-parties
are forced to pay the costs of discovery, the requesting party
has no incentive to deter it from engaging in fishing expeditions
for marginally relevant material."  Linder v. Calero-
Portocarrero, 183 F.R.D. 314, 322-23 (D.D.C. 1998).  The CLC
incurred costs in the amount of $577.59 for the programming and
formatting necessary to access and retrieve the electronic
information, and devoted seven days to reviewing and printing the
documents. Id.  The CLC may recover the compilation fee from the
plaintiff, who will pay it on or before November 15.  If CLC
recovers the same pursuant to the pending FOIA claim, then the
compilation fee shall be apportioned among the plaintiff and the
two requesting parties in the FOIA claim, and a refund made to
plaintiff.  Therefore, plaintiff's Motion for Waiver of IT Costs
**[Doc. #103]** is **DENIED**.

The parties will endeavor to agree on a time, place and
manner for the plaintiff to inspect the e-mails and arrange for
copying services at plaintiff's expense.  Plaintiff shall

complete the inspection by November 21, subject to an application for extension of time on good cause shown.

<u>The Second Subpoena</u>

CLC objects that Requests Nos. 1-8, 9, 10-15, 16-19, 20, and 21-23 are irrelevant and immaterial to the Plaintiff's case.

<u>Requests Nos. 8-9, 16-19, and 21-23</u>

Requests Nos. 8-9, 16-19, and 21-23 seek documents concerning other employees or former employees of the CLC. The movant objects, arguing that because the subpoenas require the production of records of other employees or former employees that the request is overly broad, immaterial to the plaintiff's claims, and not reasonably calculated to lead to the discovery of admissible evidence. (CLC's Mem. in Supp. of Mot. to Quash at 6.) The Court finds these items irrelevant to the plaintiffs claims and **GRANTS** the motion to quash **[Doc. #46]** as to Requests Nos. 8-9, 16-19, and 21-23.

<u>Requests Nos. 10-15</u>

The Court reserves ruling on Requests Nos. 10 through 15. It is not clear whether these documents are relevant to the plaintiff's claims and the parties shall be allowed to argue further before the Court.

<u>Request No. 20</u>

CLC shall respond to Document Request No. 20. The requested document is a notice sent by CLC employees regarding the plaintiff's departure and is relevant to the plaintiff's claims. The motion to quash **[Doc. #46]** is **DENIED** with respect to Request

8

No. 20.

### Requests Nos. 1-7 and 24-27

CLC objects to Document Requests 1-7 and 24-27 as overly broad and burdensome, already in the plaintiff's possession or readily accessible to the parties. Assuming that these items are not already in the plaintiff's possession, we examine the other grounds of CLC's objection. Since the documents requested in nos. 3-7, 24, and 26-27 are documents sent to and from OLR/OPM, the state defendants, who have been dismissed from the case, the items are no longer relevant to the plaintiff's claims.[2] Document Requests Nos. 1, 2 and 25 will be produced to the plaintiff. The Court's limitation as to what the CLC must produce significantly reduces the burden of production on the CLC, making the production not burdensome. (CLC's Reply Mem. at 6.) The motion to quash **[Doc. #46]** is **GRANTED** as to Requests Nos. 3-7, 24, and 26-27, and **DENIED** as to Requests Nos. 1, 2 and 25.

The Court notes CLC's objection that plaintiff's subpoenas evidence an "intent to harass and to injure" the CLC. The allegations currently pending before the court arise from the same set of facts as the CHRO complaints against the CLC that were resolved in March 2004. The CLC must have reasonably anticipated that they would be called upon in future litigation

---

[2] All claims against the state agency OPM/OLR were dismissed by the court on June 29, 2007 based on the Eleventh Amendment's sovereign immunity protection afforded to state agencies.

9

even that to which CLC was not a party.³ As the Plaintiff is a pro se litigant, her allegations must be construed liberally, Bussey v. Phillips, 419 F.Supp.2d 569 (S.D.N.Y. 2006); however, she may misunderstand the legal process and the difference between obligations imposed on parties and obligations imposed on nonparties.

In order to discourage costly motion practice, the plaintiff will schedule a discovery conference before filing any future discovery motions. If the issue cannot be resolved at the conference, the Court will set a schedule for filing motions.

Accordingly, the motion to quash **[Doc.#46]** is **GRANTED** in part and **DENIED** in part and the motion to compel **[Doc. #64]** is also **GRANTED** in part and **DENIED** in part to coincide with the Court's rulings on the motion to quash **[Doc. #46]**. Plaintiff's Motion for Waiver of IT Costs **[Doc. #103]** is **DENIED**. The movant and plaintiff will argue the remaining Requests Nos. 10-15 to the Court orally or in writing, as movant chooses.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of

---

³ "Attorney Weller asked that the union preserve its 'notes from any meetings, hearings, etc. regarding the Lottery and the Plaintiff because these matters could likely coincide with matters that may arise in future litigation." (Pl.'s Resp. to CLC's Obj. at 3), See, Weller Affidavit 8-9.

10

the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 30th day of October 2007.

\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE