UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RENEE JACKSON,<br>    Plaintiff | :<br>:<br>:   CIVIL ACTION NO. |
| v. | :   3:07-CV-471 (JCH)<br>: |
| AFSCME LOCAL 196, et al.,<br>    Defendants | :   FEBRUARY 25, 2008<br>: |

**RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD PARTY DEFENDANTS**
**[Doc. No. 85]**

**I.    INTRODUCTION**

Plaintiff Renee Jackson moves the court to amend her complaint to add defendants Connecticut Lottery Corporation ("CLC"), and its Human Resources Director, Karen M. Mehigen (collectively "Lottery Defendants") and claims of breach of contract, malice, false light invasion of privacy, libel, defamation per se, and intentional infliction of emotional distress against them.[1]  See Amended Complaint Dated August 6, 2007 ("Second Amended Complaint") at 1 and 3, Att. 1 to Motion to Amend (Doc. No. 85).

**II.    PROCEDURAL BACKGROUND**

The plaintiff, Renee Jackson, filed a pro se complaint against her former Union

---

[1] The court notes that Jackson also filed a Third Amended Complaint on August 20, 2007.  See Third Amended Complaint (Doc. No. 91).  The Third Amended Complaint appears to restate the claims against the Union Defendants but not to state any of the claims against the CLC or Mehigen contained in the Second Amended Complaint.  See id. and Second Amended Complaint.

1

and Union officials ("Union Defendants," collectively),[2] as well as the State of Connecticut Office of Policy and Management's ("OPM") Office of Labor Relations ("OLR"), OLR's former Director Linda Yelmini, and OPM's former Deputy Counsel Anthony Lazarro, in their official and individual capacities ("State Defendants," collectively). In a Ruling on June 29, 2007, the court granted the State Defendants' Motion to Dismiss, while granting Jackson the right to file an Amended Complaint against Lazarro by July 20, 2007, if she had a factual basis to allege a claim of concealment of information or intentional spoliation of evidence; Jackson did not do so. See Ruling on State Defendants' Motion to Dismiss at 13-14 [Doc. No. 51]. On July 26, 2007, the court ruled on the Union Defendant's Motion to Dismiss, granting the motion except for Jackson's claims of racial discrimination pursuant to 42 U.S.C. § 1981 and the duty of fair representation pursuant to Connecticut General Statute § 5-271(d). See Ruling on Union Defendants' Motion to Dismiss ("Union Ruling") at 6-7 and 9-10 (Doc. No. 70).

## II. FACTS[3]

### A. The Settlement Agreement

Jackson was an employee of the CLC from June 2001 through April 2004. From 2002 until 2004, Jackson was a member of AFSCME Local 196 ("the Union"), which represents employees of the CLC. Between 2002 and 2003, Jackson filed formal

---

[2] Specifically, these defendants are: AFSCME Local 196 ("Local 196"); Carla A. Boland, President, in her official and individual capacity; Linn Miller, acting President, in his official and individual capacity; AFSCME, Council 4 ("Council 4"); and Salvatore Luciano, Executive Director of AFSCME, Council 4, in his official and individual capacity.

[3] The facts are taken from the Second Amended Complaint.

2

charges at the Connecticut Commission on Human Rights and Opportunities (the "CHRO") against the CLC for racial discrimination, sexual harassment and retaliation. In March of 2004, Jackson attended a mandatory mediation conference at the CHRO and participated in negotiation of a Confidential Settlement and Release Agreement (the "Agreement") with the CLC. Mehigen participated in this negotiation. Pursuant to the Agreement, Jackson left her employment with the CLC in April 2004. The Agreement is labeled "strictly confidential" and contains language stating that the parties "agree neither to reveal or publicize, nor encourage or authorize the revealing or publication by others of any information with respect to this matter, except as required by law or by the judicial authority." Second Amended Complaint at ¶ 98.

In 2004, Jackson filed a prohibited practice charge at the Connecticut State Board of Labor Relations (the "Labor Board") against the Union. On August 4, 2006, the Labor Board served a subpoena to the CLC at Jackson's request regarding the prohibited practice charge. The CLC's attorney, Attorney Weller, filed a Motion to Quash the subpoena in which she voluntarily revealed that Jackson was a party to a confidential settlement agreement. The Labor Board required Jackson to produce a copy of the agreement over her objection. The Labor Board read a portion of the Agreement into the public record. Jackson was subsequently served with a subpoena requesting a copy of the Agreement by the Union in November 2006. Jackson provided the Labor Board with a redacted version of the Agreement, which was reviewed <u>in camera</u>, but she never provided a copy to the defendants.

On July 23, 2007, the defendants submitted to this court a reply brief to Jackson's objection to their Motion to Dismiss and attached a full and unredacted copy

of the Agreement.  On July 25, 2007, this court granted Jackson's motion to have this document sealed.  The CLC also released the Agreement, in breach of its terms, to the Freedom of Information Act Commission in regards to a different matter pending against the CLC.

  B. The Defamatory Memo

In 2005, Jackson requested a subpoena from the Labor Board to be issued to the CLC for documents in their possession regarding the prohibited practice charge Jackson filed against the Union.  In response to the subpoena, Mehigen supplied several documents, including a memo ("the memo") dated August 6, 2003 and written by Jackson's former co-worker, June Bechard.  The memo painted a very unflattering picture of Jackson's work ethic and portrayed her as a potential menace to CLC employees.  Mehigen included this document though she acknowledged in an accompanying memo that it was "technically not within the scope of the subpoena." Second Amended Complaint at ¶ 105.  Inclusion of this memo within the public record caused Jackson to have problems sleeping, caused her to gain weight, and caused her spouse a loss of consortium.

## III. DISCUSSION

The Lottery Defendants oppose Jackson's Motion to Amend the Complaint on the ground that this court does not have subject matter jurisdiction over her claims against them.  See Lottery Def.'s Mem. in Opp. to Mot. to Amend ("Lottery Def.'s Mem.") at 3-4 (Doc. No 107).  Jackson brings only state law claims against the Lottery Defendants, and as such, the only potential source of subject matter jurisdiction over these claims is the court's power of supplemental jurisdiction pursuant to 28 U.S.C. §
4

1367. See 28 U.S.C. § 1367. Section 1367 provides that district courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Lottery Defendants asserts that Jackson "cannot invoke this Court's supplemental jurisdiction because the proposed claims do not share a 'common nucleus of operative fact' with the original claim." CLC's Mem. in Opp. of Pl.'s Mot. to Amend ("CLC's Mem.") at 4 (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966)(Doc. No. 107). The court agrees.

Jackson's remaining federal claim after the resolution of the Motions to Dismiss concerns racial discrimination on the part of the Union in their treatment of her throughout her employment with the CLC. See Union Ruling at 6-7 and 9-10. The actions underlying these claims are unrelated to the Lottery Defendants' alleged breaches of the Agreement and their alleged release of the memo. While the Lottery Defendants' actions did occur in relation to the prosecution of Jackson's claims against the Union, this court does not have jurisdiction over Jackson's claims against them because they do not arise from the discriminatory treatment that is the basis of Jackson's federal claim. Cf. Jones v. Ford Motor Credit Co., 358 F.3 205, 214 (2004)(finding supplemental jurisdiction existed over permissive counterclaim that otherwise lacked a jurisdictional basis because both claims "originate[d] from the Plaintiffs' decisions to purchase Ford cars"); Sriram v. Preferred Income Fund III Limited Partnership, 22 F.3d 498, 501 (1994)(supplemental jurisdiction existed where

5

all the claims in the case "[arose] from the activities of the general partners and under the partnership agreement").

## IV. CONCLUSION

For the foregoing reasons, Jackson's Motion to Amend the Complaint to Add Party Defendants (Doc. No. 85) is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of February, 2008.

                                  /s/ Janet C. Hall
                                  Janet C. Hall
                                  United States District Judge