UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RENEE JACKSON | : |
| | : |
| v. | : CIV. NO. 3:07CV0471 (JCH) |
| | : |
| AFSCME LOCAL 196, | : |
| CARLA BOLAND, LINN MILLER, | : |
| AFSCME COUNCIL 4 | : |

DISCOVERY RULINGS [Doc. #102]

Pending is plaintiff's Motion to Compel the non-party, Linda Yelmini, Director, Office of Labor Relations, State of Connecticut, to comply with a document subpoena [Doc. #102]. After careful consideration, plaintiff's Motion to Compel [Doc. #102] is **GRANTED** in part and **DENIED** in part.

Introduction

The Plaintiff filed a pro se complaint against her former Union and Union officials ("Union Defendants," collectively), as well as the State of Connecticut Office of Policy and Management's ("OPM") Office of Labor Relations ("OLR"), OLR's former director and OPM's former deputy counsel, in their official and individual capacities ("State Defendants," collectively). In a ruling on June 29, 2007, the court granted the State Defendants' Motion to Dismiss, while affording Jackson the right to file an amended complaint against defendant Lazarro by July 20, 2007. See Ruling on State Defendants' Motion to

Dismiss at 13-14 [Doc. #51]. In a ruling on July 26, 2007, the court granted the Union Defendants' Motion to Dismiss as to Ms. Jackson's Section 1983, Title VII and Section 301 Duty of Fair Representation claims, while giving her an opportunity to re-plead the Title VII claims if she had a legal and factual basis to do so. <u>See</u> Ruling on Union Defendants' Motion to Dismiss at 6 [Doc. #70]. Plaintiff's proposal to file a third amended complaint [Dc. #85] was denied by the Court on February 25, 2008. Remaining in the case are plaintiff's state duty of fair representation claims and her Section 1981 claims.

<u>Standard of Review</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P.26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. <u>See</u> <u>Daval Steel Prods. V. M/V Fakredine</u>, 951 F.2d 1357, 1367 (2d Cir. 1991); <u>Morse/Diesel, Inc. Fidelity & Deposit Co.</u>, 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

Discussion

Movant, Linda Yelmini, raises several objections to Plaintiff's Subpoena [Doc. #112]: (1) that, as Director of the Office of Labor Relations of the State of Connecticut, she is immune from plaintiff's subpoena pursuant to the authority of the Eleventh Amendment; (2) compliance is unduly burdensome; (3) the scope of the subpoena is overly broad; and (4) the documents sought are immaterial and not likely to lead to the discovery of admissible evidence.

Eleventh Amendment

Movant argues that the state agency is immune from complying with plaintiff's subpoena duces tecum because plaintiff's subpoena is directed to the state, naming Linda Yelmini as the director, Office of Labor Relations, State of Connecticut, and the OLR/OPM is the state's representative in collective bargaining matters involving state employees. Conn. Gen. Stat. §4-65a.

> The Eleventh Amendment provides that:
>
> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

Although not expressly stated in the amendment, the Supreme Court has held that the Eleventh Amendment bars suit against a state by its own citizens as well as citizens of other states. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996) (citing

Hans v. Louisiana, 134 U.S. 1 (1890)). This immunity also extends to bar suits against state agencies.[1] See Islander East Pipeline Co., LLC v.

Principles applicable to the Eleventh Amendment are well established. It is clear that a federal court has no jurisdiction over any lawsuit against a state. The Eleventh Amendment functions as a "withdrawal of jurisdiction [that] effectively confers an immunity from suit...Absent waiver, neither a state nor agencies acting under its control may be subject to suit in federal court." Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993), quoting Welch v. Texas Department of Highways and Public Transportation, 483 U.S. 468, 480 (1987). This amendment precludes federal lawsuits against state officials because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office...As such, it is no different from a suit against the state itself." Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989) citing Brandon v. Hold, 469 U.S. 464, 471 (1985) and Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). However, courts focus on the Eleventh Amendment's purpose to prevent federal court judgments that would have to be paid out of a state's treasury: "(T)he vulnerability of the state's purse

---

[1] All claims against the state agency OPM/OLR were dismissed by the court on June 29, 2007, based on the sovereign immunity protection afforded to state agencies by the Eleventh Amendment.

(is) the most salient factor in Eleventh Amendment determinations." Hess v. Port Authority Trans-Hudson Corp., 513 U.S. 30, 47 (1994); see also Alaska Cargo Transport, Inc. v. Alaska R.R. Corp., 5 F.3d 378, 380 (9th Cir. 1993). Here, the Eleventh Amendment is not implicated because the persons proceeded against are not the state, but rather private actors, and any judgment would not be paid out of the state's treasury. Thomas v. Hickman, 2007 WL 4302974 (E.D. Cal. 2007). In Florida Dept. of State v. Treasure Salvors, Inc., the plurality approved the service of process on state officials to secure possession of artifacts held by them. Florida Dept. of State v. Treasure Salvors, Inc., 458 U.S. 670, 699 (1982). The analogy to the instant proceedings, where inspection and copying of state records is all that is being sought, is apparent.

Movant relies on Environmental Protection Agency v. General Electric Co., in which the Second Circuit held that in order for the federal government to be subject to judicial proceedings, there must be an express waiver of sovereign immunity. Environmental Protection Agency v. General Electric Co., 197 F.3d 592 (2d Cir. 1999). The Second Circuit found the only identifiable waiver of sovereign immunity that would permit a court to require a response to a subpoena in an action to which the federal government is not a party is found in the Administrative Procedure Act (APA). Id. The APA allows for the enforcement of a non-party subpoena duces tecum for discovery against the government through a motion to compel compliance.

Id. The instant case is distinguishable from Environmental Protection Agency v. General Electric Co.; because OLR/OPM is a state agency not a federal governmental agency, Environmental Protection Agency v. General Electric Co. is not controlling.

There do not appear to be any reported decisions in the Second Circuit involving the specific issue raised by this motion to compel. Because the Supreme Court has construed the Eleventh Amendment immunity to be liability from suit because of the possibility that a judgment will be paid out of the State's treasury, the Eleventh Amendment does not apply to the subpoenas at issue.

Unduly Burdensome, Overly Broad and Immaterial

Movant, Linda Yelmini, objects that Requests Nos. 1, 9, 11, 18, 19, 20 and 21 are unduly burdensome because the responsive documents are in the plaintiff's possession. Of particular note is Request No. 1, a stipulated agreement between the plaintiff and the State of Connecticut. Despite the fact that Ms. Jackson is a party to this agreement, she claims not to have a copy. The Court has ordered the CLC to turn over a copy of this agreement in its ruling regarding Motions 46 and 64. The remaining Requests to Attorney Yelmini are to be complied with and provided to the Court[2] if they have not already been produced through a

---

[2] Consistent with Banks v. Connecticut Ry. & Lighting Co., the OLR shall produce any items compelled to the Court. Banks v. Connecticut Ry. & Lighting Co., 79 Conn. 116, 118 (1906). A subpoena duces tecum does not signify a delivery of the papers into the hands of the party calling for their production, or a submission of them to her examination; neither does such a

FOIA or similar request. Connecticut Ry. & Lighting Co., 79 Conn. 116, 118 (1906). Therefore the Court GRANTS plaintiff's motion to compel as to Requests Nos. 9, 11, 18, 19, 20 and 21 if the responsive documents have not already been provided to her.

Materiality

Plaintiff's Subpoena Requests Nos. 4-5, 7, and 10 pertain to correspondence between OLR/OPM and the Connecticut Lottery Corporation (CLC). Movant argues, and the Court concludes, that the information sought through these requests is not material.

Plaintiff did not address the relevance of these items in her memorandum in support of the motion to compel [Doc. #102-2]. Ms. Jackson asserts that all of the items requested in her subpoena "will show the union defendant's collusion with the state." See Pl's Memo. in Supp. of Mot. to Compel at 6. Her argument fails to recognize that this claim was dismissed by the Court on July 26, 2007.[3]

The Federal Rules of Civil Procedure provide for liberal

---

consequence necessarily follow. "The production which the possessor of the papers is required to make consists of bringing them into court and putting them into its control. Having by this act complied with the order of production, the producer may ask the court to pass upon any claim of privilege, or to make a personal inspection of the documents to determine their relevancy before their submission to the party, and to make any proper order for the protection in such submission of the interests of the producer, as for example by withholding from the view of plaintiff any irrelevant matter which he ought not to be permitted to examine." Id.

[3]In Judge Hall's Ruling on Defendants' Motion to Dismiss dated July 26, 2007 [Doc. #70], the Court dismissed the §1983 collusion claim against the Union Defendants because it was barred by the statue of limitations.

7

discovery, such that discovery extends to "any matter not privileged, that is relevant to the claim or defense of any party...." Fed. R. Civ. P. 36(b)(1); See Maresco v. Evans Chemetics, Div. Of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevance under Rule 26(b)(1) has been construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. V. Sanders, 437 U.S. 340, 351 (1978) (citation omitted).

All claims against the State Defendants were dismissed on June 29, 2007. See Ruling on State Defs.' Mot. to Dismiss [Doc. #51]. Therefore, communication between OLR/OPM and the CLC is irrelevant and the responses to Requests Nos. 4-5, 7, and 10 will not lead to any information that would be admissible in this lawsuit.

The Court DENIES plaintiff's Motion to Compel [Doc. #102] as to Requests Nos. 4-5, 7, and 10.

Accordingly, plaintiff's Motion to Compel **[Doc. #102]** is **GRANTED** in part and **DENIED** in part. Compliance with discovery ordered by the Court shall be made within ten (10) days of the filing of this ruling and order. D. Conn. L. Civ. R. 37 (a)(5).

This is not a recommended ruling. This is a discovery

8

ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this ____ day of March 2008.

_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE