```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|                                  |   |                          |
|----------------------------------|---|--------------------------|
| RENEE JACKSON                    | : |                          |
| v.                               | : | CIV. NO. 3:07CV0471 (JCH)|
| AFSCME LOCAL 196,                | : |                          |
| CARLA BOLAND, LINN MILLER,       | : |                          |
| AFSCME COUNCIL 4, STATE OF       | : |                          |
| CONNECTICUT OFFICE OF LABOR      | : |                          |
| RELATIONS, LINDA YELMINI,        | : |                          |
| and ANTHONY LAZARRO              | : |                          |

DISCOVERY RULINGS

The Court held a discovery conference on the record on 12/18/07 to discuss Request Nos. 10-15 in non-party Connecticut Lottery Corporation's [hereinafter "CLC"] Motion to Quash [Doc. #46], on which the Court reserved ruling in its October 30, 2007 [Doc # 117] opinion.

The CLC maintains several objections to Request Nos. 10-15, that the items are (1) irrelevant; (2) in the plaintiff's possession or could be readily obtained from parties to this action; and/or (3) constitute an attempt to unduly burden the CLC.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any

matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P.26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. *See* Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

The Court must evaluate the undue burden placed on a non-party. The Court's evaluation of undue burden requires weighing the burden to the subpoenaed party against the value of information to the serving party. Id. Whether a subpoena imposes an "undue burden" depends on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Id. *(citing* United States v. International Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). Moreover, the court is afforded broad discretion in deciding discovery issues. *See* Wills v. Amerada Hess Corp., 379 F.3d 32, 41 (2d Cir. 2004).

Request Nos. 10-15

The objection to Request No. 10 is overruled. Request No. 10 seeks a confidential settlement agreement between the plaintiff and CLC. Although the plaintiff should have this

2

document in her possession, she states that she does not. Since the plaintiff claims that the union breached its duty of fair representation in relation to this settlement agreement, the CLC will produce this document.[1]

Request No. 11 seeks documentation sent to the arbitrator regarding scheduling of the plaintiff's 2003 grievances. Request No. 12 seeks documentation sent to the arbitrator regarding scheduling of plaintiff's 2004 grievances. Request No. 13 seeks documents sent to the CLC regarding scheduling of arbitration of the plaintiff's 2003 grievances. Request No. 14 seeks documents sent to CLC regarding scheduling of plaintiff's 2004 grievances. Request No. 15 seeks documents sent to the CLC regarding the cancellation of an arbitration hearing regarding plaintiff's grievance #07-4569.

The CLC objects to these requests because they seek documents between the CLC, a non-party, and AFSCME, a party. While it seems that it would be easier for AFSCME to produce documents responsive to Request Nos. 11-15, the plaintiff has represented to the Court that these requests were made to AFSCME and AFSCME claimed not to have these documents. Therefore, CLC's objections to Request Nos. 11-15 are overruled.

During the discovery conference, the CLC stated that an in depth electronic search would need to be conducted in order to

---

[1] Plaintiff claims she was represented by a private attorney during this negotiation because the union failed to adequately represent her.

3

produce documents responsive to Request Nos. 10-15, thus resulting in substantial cost to the CLC. The CLC will provide plaintiff with an estimate of the cost and explanation of the fees, with a copy to the Court, before embarking on the search, so that plaintiff can indicate whether she wishes CLC to proceed. The plaintiff must pay the compilation fees before delivery of the documents to the plaintiff.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.


ENTERED at Bridgeport this 25th day of April 2008.


__/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE