```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```
                                       :
RENEE JACKSON                          :
                                       :
v.                                     :   CIV. NO. 3:07CV0471 (JCH)
                                       :
AFSCME LOCAL 196, et al                :


Ruling on Pending Discovery Motions

Pending are Defendant's Motion to Compel [Doc. #171], Non-Party CLC's Motion to Quash Subpoena Duces Tecum [Doc. 178], and Defendant's Supplemental Motion's to Compel [Docs. 196 and 197]. After hearing oral argument and careful consideration, the Court rules as follows.

**Defendant's Motions to Compel [Doc. #'s 171, 196 and 197]**

Following Judge Hall's ruling granting in part and denying in part AFSCME Local 196's Motion to Dismiss, AFSCME filed its Interrogatories and Requests for Production directed to plaintiff. Jackson provided responses and later amended her responses; however very little was done to revise her responses. Subsequently, AFSCME filed two supplemental motions to compel [Docs. 196 and 197].

On June 12, plaintiff responded to the defendant's Interrogatories and Requests for Production. Jackson responded to Interrogatories Nos. 1,2,3,4, and 6 with the same "canned" response without providing specific answers to the interrogatories.

Interrogatory No. 1 asks, "[p]lese identify and describe any race based claims that you filed against the CLC and/or AFSCME Local 196 alleging either one or both of these defendants, and for each, include the following: (a) describe the manner in which either one or both of these defendant's intentionally avoided processing and asserting plaintiff's race based claims."

Interrogatory No. 2 asks, "[d]escribe in detail as to each defendant herein the conduct you allege interfered with your ability to enter into contracts with your former employer."

Interrogatory No. 3 asks, "[i]dentify and describe how each defendants' conduct impaired your ability to enforce your established contract rights through the legal process."

Interrogatory No. 4 asks, "[p]lease identify and describe what conduct by each defendant caused your employer to discriminate against you, by the defendants' failure to process sexual harassment and race based compliant."

Interrogatory No. 6 asks, "[p]lese describe the factual basis for your claim that the defendants and your employer intended to discriminate against you on the basis of race or gender, include identity of person, date and place of activity and statements."

Jackson's response to all of these Interrogatories was:

"Union officials including Carla Boland, Art Rodriquez, Marie King, Gayle Hooker and Sal Luciano, despite being informed by plaintiff of her complaints of discrimination, failed to investigate her claims, failed to contact witnesses, failed to obtain data even when apprised of potential supporting evidence by plaintiff, failed to prepare plaintiff prior to attendance at grievance hearings, failed to put forth defenses on plaintiff's behalf at grievance meetings but rather simply reacted to Lottery evidence, failed to utilize at grievance meetings documentary evidence provided by plaintiff, in some instances failed to write grievances that were grievable, was non-responsive to plaintiff's telephone calls, soliciting a petition to employees seeking to prohibit plaintiff obtaining information that would support her grievances. By the foregoing conduct, the union and its agents aided and abetted the employer in their discriminatory and retaliatory conduct towards plaintiff."

Defendants need a more specific and detailed response to their interrogatories. Plaintiff is directed to answer each

2

interrogatory more specifically and completely, identifying the specific claims filed against the CLC and/or AFSCME.

>Interrogatory No. 9 asks, "[i]dentify the manner in which each of the defendants failed to adequately remedy the racial discrimination, including identity of defendant, date and place of activity and description of actions."
>
>Jackson's response was:
>
>"Plaintiff made numerous complaints orally and in writing to Carla Boland, Marie King, Gayle Hooker, Art Rodriguez, and Sal Luciano that she was being treated differently than other clericals at the Lottery, all of whom were Caucasian. This differential treatment occurred as regards application of the attendance policy, application of the promotional working test period, others were permitted by past practice to make up increments of time so that their attendance record was not impacted resulting in more documented absences for plaintiff. Plaintiff was reprimanded for complaining directly to the Safety and Health Committee while others (Caucasians) had contacted members directly. Moreover, the procedure for raising a concern did not prohibit employees from complaining directly to management. Defendants failed to investigate plaintiff's complaints of discrimination and further encouraged white clericals and others to resist plaintiff's efforts to obtain evidence establishing the discriminatory treatment. See Exhibit C."

Plaintiff's response does not identify the manner in which each of the defendants failed to adequately remedy the racial discrimination, including identity of defendant, date and place of activity, and description of actions. Plaintiff will identify which people she dealt with for each complaint as well as the outcome of that complaint.

>Interrogatory No. 18 asks, "[p]lease identify by date, time, person and statements made to support your allegation in paragraph 60 of your complaint that plaintiff complained to Defendant Luciano several times."
>
>Request for Production 2 seeks, "[c]opies of any documents demonstrating the plaintiff, Renee Jackson's protests to a hostile work environment."

3

Plaintiff does not identify any specific documents in her response but refers AFSCME to Exhibit C, which is an undifferentiated compilation of 141 pages of documents.

>Request for Production No. 3: asks for, "[d]ocuments listed in various paragraphs of the complaint."

Interrogatory No. 18 and Requests for Production Nos. 2 and 3 are answered with a general reference to Exhibit C, the 141 page compilation. If any documents contained in Exhibit C answer or respond to Interrogatory No. 18 or Requests for Production Nos. 2 and 3, plaintiff will identify specifically the document(s) responsive to each request.

>Request for Production No. 4: asks for, "[c]opies of plaintiff's federal and state tax returns from 2000 to present."

Jackson did not supply these documents, but she refers to Exhibit C again. There are no tax returns in Exhibit C. Plaintiff is to produce her tax returns. The plaintiff may redact her husband's information. Jackson may propose a redaction and provide it to the Court along with the original for the Court's approval, prior to producing the tax returns to AFSCME.

**CLC's Motion to Quash Subpoena Duces Tecum [Doc. #178]**

Nonparty Connecticut Lottery Corporation, "CLC", moves to quash a Subpoena Duces Tecum filed by AFSCME Local 196.

The subpoena commands the presence of the CLC's "president/acting president or responsible person" at a deposition.

4

CLC objects to the deposition of its president, Anne Noble, because Ms. Noble lacks specific or unique knowledge regarding the allegations of the complaint. Ms. Noble was appointed president of the CLC on February 29, 2008, approximately four years after the plaintiff left CLC's employ. CLC objects to the term "responsible person" as impermissibly vague.

AFSCME responds that they were not aware that the president would not have personal knowledge but included the phrase "responsible person" for CLC's discretion to send the most appropriate person.

CLC's objection is sustained to the subpoena as served. AFSCME must be more specific about subject matter of the testimony it is seeking. If AFSCME specifies areas of inquiry it intends to explore at the deposition, and the CLC objects, the Court will hear argument regarding its scope.

Additionally, the subpoena requests:

1. Any and all records, accounts, memoranda (including electronically stored data) regarding James McCormack, Supervisor of Renee Jackson, and Renee Jackson, concerning sexually harassing comments attributed to Mr. McCormack by Renee Jackson, including reprimands, evaluation of working test period, and counseling during the time period Renee Jackson was employed by the CLC.
2. Absentee records of Amy Kabachka, June Bechard, Lynn Agnew between January 2001 and April 15, 2004, and any evidence, or lack thereof, that there absences were used against them during their working test period.
3. Any documents pertaining to Amy Kabachka, June Bechard and Jennifer Alleva reflecting whether or not they were investigated by representatives of the CLC concerning incidents involving the incoming mail.

CLC argues that this subpoena should be quashed because it

fails to allow the CLC a reasonable time to comply, requires disclosure of privileged or other protected matter, and subjects the CLC to undue burden and expense. AFSCME argues that these documents will help them determine whether the plaintiff was discriminated against and harassed by the CLC and aid them in determining whether plaintiff's claim against the union, that it condoned discrimination and harassment, has merit. The Court sustains CLC's objections to Request Nos. 1, 2, and 3 as irrelevant.

In regards to Document Request No. 3, CLC's objection relies on the Court's previous rulings which held that the mailhandlers investigation was irrelevant to the claims in the case. The Court finds these requests identical to the subject matter which the Court found irrelevant in its previous rulings. <u>Jackson v. AFSCME Local 196</u>, 246 F.R.D. 410, 414 (D. Conn. 2007) and [Doc. 168]. Moreover, AFSCME had the opportunity to participate in extensive proceedings regarding this discovery held by the Court on 9/4/07, 12/13/07, and 4/15/08 and failed to do so.

With respect to Document Request No. 1, records "concerning sexually harassing comments attributed to [her supervisor] by [plaintiff], including reprimands, evaluation or working test period, and counseling during the time period the plaintiff was employed by" the CLC, are likewise irrelevant. Thus, CLC's objection to Document Request No. 1 is sustained.

Request No. 2 seeks absentee records of three employees/former employees of the CLC, along with evidence of how

their absences were treated by the CLC. The Court finds information regarding working test periods for other individuals is irrelevant to AFSCME's defense. AFSCME would know if any of these employees filed a grievance with AFSCME concerning allegations of absenteeism. CLC's objection to Request No. 2 is sustained.

Accordingly, Defendant's Motions to Compel **[Doc. #'s 171, 196 and 197]** are **GRANTED** and CLC's Motion to Quash Subpoena Duces Tecum **[Doc. #178]** is **GRANTED.**

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 29th day of September 2008.

\_\_\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE