```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

RENEE JACKSON                     :
                                  :
v.                                :   CIV. NO. 3:07CV0471 (JCH)
                                  :
AFSCME LOCAL 196,                 :
CARLA BOLAND, LINN MILLER,        :
AFSCME COUNCIL 4                  :
```

DISCOVERY RULINGS [Docs. ###224, 280 and 283]

Pending are plaintiff's Motion for Protective Order **[Doc. #224]**, Defendant's Motion to Continue the Deposition of Renee Jackson **[Doc. #283]** and defendants' Motion for Extension of Time **[Doc. #280]**. The Court heard oral argument on July 9, 2009. After careful consideration, the Court rules as follows.

Motions Re: Plantiff's Deposition [Docs. ##224, 283]

The defendants first convened the plaintiff's deposition on July 15, 2008. The deposition was continued to December 12, 2008; however, when an issue arose as to medication, the Court ordered the deposition to be held at a later date. Plaintiff's deposition resumed on May 15, 2009 and May 27, 2009.

Throughout the multiple days of depositions, the defendant explored various grievances as well as delving into plaintiff's interrogatory responses. The Court recognizes that many of plaintiff's responses to interrogatories were vague and required clarification. See Ruling 9/29/08 [Doc. #215]. After the Court's ruling directing plaintiff to revise her interrogatory

1

responses, she still provided very little detail.  Despite the fact that three days of testimony has already been elicited, the Court agrees that another day is necessary to explore the plaintiff's factual allegations and supporting documents.  Accordingly, defendant's Motion for Continued Deposition **[Doc. #283]** is **GRANTED**, limited to one session not to exceed to one seven hours with questioning only as to those areas which have not yet been inquired about.  In an effort to narrow the questioning, plaintiff will review her deposition testimony to date and determine whether any allegations in the complaint can be withdrawn or narrowed prior to this deposition.  Plaintiff may also supplement her interrogatory responses to reduce the topics about which defendants must inquire.

It is clear to the Court that the parties have had difficulty communicating; however, both sides must communicate more effectively and efficiently in this continued deposition.  If any issues arise during the deposition, the parties are instructed to contact the Court immediately.  This will be the defendant's last deposition of the plaintiff, provided plaintiff cooperates.

The parties are instructed to agree on a new deposition date by the close of business on July 10.  The deposition must take place on or before July 23, 2009.

Defendant's Motion for Extension of Time [Dc. #280]

Union defendants have requested until August 28, 2009 to file dispositive motions.  This request contemplates time to complete the deposition of the plaintiff and 30 days for her to review her testimony.[1]  The plaintiff consents to an extension of time through July 31, 2009.

The Court extends the dispositive motion deadline until August 10, 2009.  Responses are due August 31, 2009.  There will be no further extensions of these deadlines.

Conclusion

Accordingly defendant's Motion to Continue the Deposition of Renee Jackson **[Doc. #283]** is **GRANTED**; plaintiff's Motion for Protective Order is **DENIED**; and defendants' Motion for Extension of Time **[Doc. #280]** is **GRANTED in part and DENIED in part**.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 9th day of July 2009.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant's Motion also includes thirty (30) days for Dr. McLarney to review his deposition testimony, until the first week of July.  However, this issue is now moot.