**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RENEE JACKSON, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:07-CV-471 (JCH) |
| | : | |
| AFSCME LOCAL 196, et al., | : | NOVEMBER 5, 2010 |
| Defendants | : | |

**RULING RE: RENEWED RULE 60 MOTION FOR RECONSIDERATION [Doc. No. 397-2] AND MOTION FOR SANCTIONS [Doc. No. 401]**

The court granted summary judgment to the defendants in this case on March 29, 2010 (Doc. No. 349). On October 1, 2010, pro se plaintiff Renee Jackson filed a Renewed Motion for Relief Under Fed. R. Civ. P. 60, which Motion also sought to supplement her objection to the defendants' bill of costs. See Doc. No. 397. The October 1 filing is Jackson's fifth Motion for Reconsideration. Her first Motion for Reconsideration was denied in a Ruling dated April 21, 2010 (Doc. No. 367), her second and third motions were denied on June 28, 2010 (Doc. No. 381), and her fourth motion was withdrawn on July 15, 2010 (Doc. No. 386).

There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the

underlying motion.") (internal quotation marks omitted).

In this case, for the reasons stated by the court in its April 21 Ruling denying Jackson's First Motion for Reconsideration, none of the circumstances that would justify relief under Fed. R. Civ. P. 60 are present. Although Jackson is correct that "[a]ccess to our courts is a fundamental tenet of our judicial system," Jackson does not have the right to access the justice system to repeatedly offer the same motion. Jackson's Renewed Motion for Reconsideration (Doc. No. 397-2) is hereby **DENIED**.

In response to Jackson's Renewed Motion for Reconsideration, Defendants AFSCME Local 196 et al., have filed a Motion for Sanctions, requesting reimbursement of their attorneys' fees and costs associated with responding to Jackson's repeated motions for reconsideration. See Doc. No. 401, at 8. Defendants also seek injunctive relief precluding Jackson from filing any further pleadings in this case. Id. Defendants' Motion for Sanctions (Doc. No. 401) is **DENIED**, but Jackson is hereby notified that the court will likely sanction her if she files an additional motion for reconsideration in this matter that is denied as baseless. If plaintiff views this court's ruling as error, she should seek relief in the Second Circuit Court of Appeals by filing a notice of appeal.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 5th day of November, 2010.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge